IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

| | |
|---|---|
| UNITED STATES | PLAINTIFF |
| V. CASE NO. 5:06-CR-50057 | |
| LARRY NEIL GADDY | DEFENDANT |

### MEMORANDUM OPINION AND ORDER

After pleading guilty to one count of knowingly transporting child pornography by computer in violation of 18 U.S.C. § 2252(A)(a)(2) and (b)(1) and 18 U.S.C. § 2256(2)(A), Larry Neil Gaddy was sentenced[1] on June 20, 2007, to 190 months' imprisonment and a life term of supervised release. (Doc. 31). The Court imposed thirteen standard conditions and five special conditions of supervised release. Mr. Gaddy's expected release date is November 10, 2021. On February 11, 2021, he filed a Motion to Modify/Clarify Conditions of Supervised Release (Doc. 34), and on May 3, 2021, the Government filed a Response (Doc. 43). The matter is now ripe for decision.

Mr. Gaddy argues in his Motion that a number of conditions of supervised release that the Court imposed on him "will make it impossible for him to live in the society he must return to." (Doc. 34, p.2). He further contends that some of these conditions "are woefully unconstitutional and/or otherwise impermissible under the law" and should be either vacated or revised. *Id.* Out of the eighteen conditions that were imposed by the Court at the time of sentencing, Mr. Gaddy complains that seven standard conditions (1, 4, 5, 6, 7, 9, 13) and three special conditions (2, 3, 4) should either be modified or vacated.

---

[1] The Hon. Jimm L. Hendren, presiding.

The Court may impose conditions of supervised release that "(1) [are] reasonably related to the sentencing factors set forth in 18 U.S.C. § 3553(a); (2) involve[ ] no greater deprivation of liberty than is reasonably necessary for the purposes set forth in § 3553(a); and (3) [are] consistent with any pertinent policy statements issued by the Sentencing Commission." *United States v. Kelly*, 625 F.3d 516, 519 (8th Cir. 2010) (internal quotation marks omitted); *see also* 18 U.S.C. § 3583(d). The Court is also empowered to modify, reduce, or enlarge those conditions of supervised release "at any time prior to the expiration of the period of supervised release." *United States v. Yankton*, 168 F.3d 1096, 1098 n.6 (8th Cir. 1999); *see also* 18 U.S.C. § 3583(e)(2). "[W]hen considering whether to 'modify, reduce, or enlarge the conditions of supervision,' a court is limited to considering the sentencing factors enumerated in § 3553(a), any applicable Federal Rules of Criminal Procedure, and applicable provisions for setting the initial conditions of supervised release." *United States v. Shipley*, 825 F. Supp. 2d 984, 988 (S.D. Iowa 2011) (internal quotation marks omitted).

Below, the Court has reviewed the conditions of supervised release that are the subject of Mr. Gaddy's Motion, while taking into account the Government's position on these matters. For the reasons stated, the Court modifies Standard Conditions One, Five, Six, Nine, and Thirteen and Special Condition Four and vacates Standard Condition Four.

### I.  STANDARD CONDITIONS

### A.  One:  Travel Restriction

The condition that was originally imposed states:  "[T]he defendant shall not leave the judicial district without the permission of the court or probation officer." *Id.* at p. 3. Mr. Gaddy suggests the condition should be modified to include a *mens rea* requirement. His

suggested edit, to which the Government does not object, is as follows: "The Defendant shall not knowingly leave the federal judicial district where he or she is authorized to reside without first getting permission from the court or the probation officer."  The Court observes that Mr. Gaddy was sentenced in 2007, and the standard conditions generally imposed have been modified since then, for various reasons.  Mr. Gaddy's suggested wording of Standard Condition One is identical to the current wording of the condition.  Therefore, Mr. Gaddy's request as to Standard Condition One is **GRANTED**, and this condition shall be modified to include a *mens rea* requirement, as he suggests.

### B.  Four:  Family Support Condition

This condition states:  "[T]he defendant shall support his or her dependents and meet other family responsibilities."  (Doc. 31, p. 3).  Mr. Gaddy argues that this condition is vague and also does not apply to him as he has no dependents.  The Court observes that the portion of this condition that reads "meet other family responsibilities" has been deemed unconstitutionally vague and is now omitted from the United States Sentencing Guidelines's section on supervised release.  *See* U.S.S.G. § 5D1.3(d)(1)(A).  As for the rest of the condition, Mr. Gaddy's Presentence Investigation Report states that when he was sentenced, he had four children, but only one was a legal dependent under the age of eighteen.  When Mr. Gaddy is released later this year, he will have no dependent children.  The Court therefore finds it appropriate to vacate the entire condition, and Mr. Gaddy's request as to Standard Condition Four is **GRANTED**.

### C.  Five:  Employment Condition

This condition states:  "[T]he defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable

reasons." (Doc. 31, p. 3). This standard condition has been revised since 2007 to add greater detail and specificity. Mr. Gaddy requests that the Court impose the revised version of the condition, as follows:

> The Defendant shall work full-time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses the Defendant from doing so. If the Defendant does not have full-time employment, he shall try to find full-time employment, unless the probation officer excuses the Defendant from doing so. If the Defendant plans to change where the Defendant works or anything about his work (such as the position or the job responsibilities), the Defendant shall notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, the Defendant shall notify the probation officer within 72 hours of becoming aware of a change or expected change.

The Court **GRANTS** Mr. Gaddy's request as to Standard Condition Five. The revised version of the condition will be imposed.

### D.  Six:  Notification of Changes in Residence

Similarly, the standard condition regarding notification of changes in residence has been revised since 2007. The original condition required Mr. Gaddy to "notify the probation officer at least ten days prior to any change in residence or employment." (Doc. 31, p. 3). The current version of the condition, which Mr. Gaddy asks the Court to impose, is far more detailed and states:

> The Defendant shall live at a place approved by the probation officer. If the Defendant plans to change where he or she lives or anything about his or her living arrangements (such as the people the Defendant lives with), the Defendant shall notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, the Defendant shall notify the probation officer within 72 hours of becoming aware of a change or expected change.

The Court agrees with Mr. Gaddy that the current version of this condition is preferable to the one imposed on him in 2007.  Therefore, his request to amend Standard Condition Six is **GRANTED**.

### E.  Seven:  Alcohol Use and Physician Prescriptions

Standard Condition Seven states that "the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician."  (Doc. 31, p. 3).  Mr. Gaddy complains that the word "excessive" in the condition is ambiguous and could result in an unfair and overly restrictive application.  For example, he asks if the condition "prohibit[s] Mr. Gaddy from having a glass of wine during dinner on occasion" or whether it "prohibit[s] him from purchasing alcohol-based beverages to utilize for cooking purposes, such as vermouth for marinating a steak."  (Doc. 34, p. 5).

The Court does not share Mr. Gaddy's concerns about this condition and believes it is unambiguous and will be applied reasonably by his supervising probation officer. If Mr. Gaddy is unsure about whether he might violate the condition by taking certain actions, he should discuss his concerns with his probation officer.  There was ample justification for imposing this condition on Mr. Gaddy in the first place.  According to the Presentence Investigation Report, Mr. Gaddy had past convictions for alcohol-related offenses and previously admitted to being an alcoholic.  See Doc. 32, p. 12.  As Standard Condition Seven is reasonable and appropriate, the Court **DENIES** Mr. Gaddy's request to modify it.

### F. Nine: Associating with Felons

Standard Condition Nine states that "the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer." (Doc. 31, p. 3). Mr. Gaddy interprets this as an "unwarranted occupational restriction," as it may prevent him from having unknowing contact at work with coworkers who are felons. (Doc. 34, p. 6). The Court takes Mr. Gaddy's point that the word "knowingly" should be inserted in the condition. The Court therefore **GRANTS** Mr. Gaddy's objection to Standard Condition Nine, insofar as he requests that the Court add a *mens rea* requirement to the condition. The Court therefore substitutes Standard Condition Nine with the updated version of that condition, which reads as follows:

> The Defendant shall not communicate or interact with someone the Defendant knows is engaged in criminal activity. If the Defendant knows someone has been convicted of a felony, the Defendant shall not knowingly communicate or interact with that person without first getting the permission of the probation officer.

### G. Thirteen: Notification of Risk to Another Person

Mr. Gaddy objects to the condition that requires him to "notify third parties of risks that may be occasioned by [his] criminal record or personal history or characteristics" and "permit[s] the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement." (Doc. 31, p. 3). Mr. Gaddy is correct that this condition would allow his probation officer to decide whether any third party should be notified about Mr. Gaddy's past criminal behavior. He believes the condition is unconstitutionally vague. He also worries that the probation officer could jeopardize his future employment situation by using this condition.

The Eighth Circuit in *United States v. Janis* recently upheld a similar condition over the defendant's objection that it was "vague, ambiguous, and unconstitutionally delegate[d] the judicial function to his probation officer." 995 F.3d 647, 652 (8th Cir. 2021). The condition in *Janis* stated:

> If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.

*Id.* The court was persuaded that under 18 U.S.C. § 3583(d), this condition was reasonably related to the nature and circumstances of the offense, the defendant's history and characteristics, the deterrence of criminal conduct, and the protection of the public from further crimes of the defendant, and it involved no greater deprivation of liberty than was reasonably necessary to advance deterrence and protect the public from future crimes. *Id.* Further, the court made a finding that this condition did not constitute an impermissible delegation of authority to the probation officer and that "the scope of this condition [could] be ascertained with sufficient ease." *Id.* at 653.

The Court observes that the condition discussed in *Janis* is an updated version of the condition that was imposed on Mr. Gaddy. The updated version is preferable to the one imposed on Mr. Gaddy because it requires the probation officer to make a determination of risk *before* notification is required. Accordingly, the Court will **GRANT** Mr. Gaddy's objection as to Standard Condition Thirteen, insofar as this condition will be modified to reflect the updated standard language, as follows:

> If the probation officer determines that the Defendant poses a risk to another person (including an organization), the probation officer may require him to notify the person about the risk, and he must comply with that instruction.

The probation officer may contact the person and confirm that the Defendant has notified the person about the risk.

## I.  SPECIAL CONDITIONS

### A.  Two:  No Unsupervised Contact with Minors

Mr. Gaddy contends that Special Condition Two, which prohibits him from having any "unsupervised contact with minors," (Doc. 31, p. 4), should be modified to allow him to associate with minors at family events and during chance encounters with minors who happen to be at his place of employment or out in public.  Mr. Gaddy's objection is overruled.  Given his criminal history, it is appropriate to restrict Mr. Gaddy's unsupervised contact with minors.  The condition is not an across-the-board prohibition on interacting with minors at family events, at work, or out in public; instead, the condition prohibits *unsupervised* interaction.  His request to modify Special Condition Two is **DENIED**.

### B.  Three:  Treatment Condition

Special Condition Three requires Mr. Gaddy to "submit to in-patient or out-patient mental health evaluation, treatment, counseling, testing and/or treatment, all with emphasis on sex offender treatment, as deemed necessary and directed by the U.S. Probation Office."  (Doc. 31, p. 4).  Mr. Gaddy "has no objection to enrolling and participating in a treatment program that will address his sexual issues." (Doc. 34, p. 11). He objects to the Court delegating to the probation officer the ability to decide whether such treatment is necessary.  Mr. Gaddy's objection is without merit.  This condition does not constitute an inappropriate delegation of authority, as the Court retains authority over all conditions of supervised release.  If Mr. Gaddy has concerns about treatment options, he is encouraged to discuss those with his probation officer.  As the condition itself is not vague or constitutionally infirm, his objection to the probation officer's possible decision

on treatment is premature. Therefore, the request to modify or vacate Special Condition Three is **DENIED**.

### C. Four: Internet Restriction

Mr. Gaddy's final objection concerns Special Condition Four, which restricts his ability to access a computer. The condition states: "The defendant shall not access the internet from any location without prior approval by the probation office and for a justified reason. The defendant shall not have internet access at his residence." (Doc. 31, p. 4). Mr. Gaddy objects that this condition is too broad, does not carve out an exception for employment, does not explain whether internet-monitoring software would be required or who would pay for it, and does not allow him to be a fully functioning member of society, as computer use is now ubiquitous.

To a large degree, the Court agrees with Mr. Gaddy's objection and notes that this special condition has been modified over the years to address these exact concerns. Accordingly, the request to modify Special Condition Four is **GRANTED**, and the condition will read as follows:

> Except for purposes of employment (when the Defendant is working on his employer's premises using his employer's computers and devices), the Defendant shall not possess, use, or have access to a computer or any other electronic device that has Internet or photograph storage capabilities without prior advance notice and approval of the U.S. Probation Office. Reasonable requests by the Defendant for such approval should not be denied, provided that the Defendant allows the U.S. Probation Office to install Internet-monitoring software, the Defendant pays for the software, and the Defendant submits to random searches of his computers, electronic devices, and peripherals.

## III. CONCLUSION

For the reasons stated herein, **IT IS ORDERED** that Mr. Gaddy's Motion to Modify/Clarify Conditions of Supervised Release (Doc. 34) is **GRANTED IN PART AND DENIED IN PART**, as follows:

- Standard Condition One is **MODIFIED** to read:

    The defendant shall not knowingly leave the federal judicial district where he or she is authorized to reside without first getting permission from the court or the probation officer.

- Standard Condition Four is **VACATED**.

- Standard Condition Five is **MODIFIED** to read:

    The Defendant shall work full-time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses the Defendant from doing so.  If the Defendant does not have full-time employment, he shall try to find full-time employment, unless the probation officer excuses the Defendant from doing so.  If the Defendant plans to change where the Defendant works or anything about his work (such as the position or the job responsibilities), the Defendant shall notify the probation officer at least 10 days before the change.  If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, the Defendant shall notify the probation officer within 72 hours of becoming aware of a change or expected change.

- Standard Condition Six is **MODIFIED** to read:

    The Defendant shall live at a place approved by the probation officer. If the Defendant plans to change where he or she lives or anything about his or her living arrangements (such as the people the Defendant lives with), the Defendant shall notify the probation officer at least 10 days before the change.  If notifying the probation officer in advance is not possible due to unanticipated circumstances, the Defendant shall notify the probation officer within 72 hours of becoming aware of a change or expected change.

- Standard Condition Nine is **MODIFIED** to read:

> The Defendant shall not communicate or interact with someone the Defendant knows is engaged in criminal activity. If the Defendant knows someone has been convicted of a felony, the Defendant shall not knowingly communicate or interact with that person without first getting the permission of the probation officer.

- Standard Condition Thirteen is **MODIFIED** to read:

    If the probation officer determines that the Defendant poses a risk to another person (including an organization), the probation officer may require him to notify the person about the risk, and he must comply with that instruction. The probation officer may contact the person and confirm that the Defendant has notified the person about the risk.

- Special Condition Four is **MODIFIED** to read:

    Except for purposes of employment (when the Defendant is working on his employer's premises using his employer's computers and devices), the Defendant shall not possess, use, or have access to a computer or any other electronic device that has Internet or photograph storage capabilities without prior advance notice and approval of the U.S. Probation Office. Reasonable requests by the Defendant for such approval should not be denied, provided that the Defendant allows the U.S. Probation Office to install Internet-monitoring software, the Defendant pays for the software, and the Defendant submits to random searches of his computers, electronic devices, and peripherals.

**IT IS FURTHER ORDERED** that all other conditions of supervised release not specifically referenced above are to remain in full force and effect.

**IT IS SO ORDERED** on this 16th day of June, 2021.

_____
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE